IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 10, 2014 Session

## CAROL PAYNE McKINNIS v. SANDRA KIM HAMMONS

**Appeal from the Chancery Court for Johnson County**
**No. 6168     John C. Rambo, Chancellor**

_____

**No. E2013-02733-COA-R3-CV-FILED-OCTOBER 30, 2014**

_____

Carol Payne McKinnis ("Seller") brought suit against Sandra Kim Hammons ("Purchaser") to enforce an oral contract for the sale of real property. Seller sought a judgment for the amount allegedly due under the parties' agreement. Purchaser moved for summary judgment based on her contention that the action was barred by the Statute of Frauds as codified at Tenn. Code Ann. § 29-2-101(2012). The trial court granted the motion. We vacate the judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

H. Randolph Fallin, Mountain City, Tennessee, for the appellant, Carol Payne McKinnis.

George T. Wright, Mountain City, Tennessee, for the appellee, Sandra Kim Hammons.

**OPINION**

I.

In June 2008, Seller filed suit against Purchaser on an oral contract for the sale of real property. The complaint alleges the facts that follow. In early 2001, Seller entered into an oral agreement to sell a .68 acre piece of real estate located on Johnson Hollow Road in Mountain City to Purchaser and a Walker Frank South for a total consideration of $32,000. The three parties agreed that there would be no down payment, and that the $32,000 purchase price would be financed by Seller at 4% interest with payments of $240 per month. On April

24, 2001, the parties executed a deed reflecting the sale of the property from Seller to Purchaser and Mr. South; it was recorded the following day. The complaint further alleges that neither Seller nor Purchaser had the benefit of counsel in the transaction. In the years that followed, from the time the deed was executed to the date the complaint was filed, Purchaser made sporadic payments totaling $7,193.83, to wit: $2,928 in 2002; $654 in 2003; $600 in 2004; $2,771.83 in 2005; and $240 in 2008.[1] In 2003, Walker Frank South transferred all of his right, title, and interest in the property to Purchaser. According to the complaint, Seller made demands on Purchaser "to make the balance payments" and was advised by Purchaser that Purchaser "does not intend to pay anything further. . . ." The complaint sought a judgment in the amount of $26,804, the amount remaining under the alleged agreement,[2] plus interest, and an equitable lien on the property.

In her answer, Purchaser admitted that she and Mr. South purchased the property from Seller in April 2001. Purchaser asserted that she and Mr. South did not execute any writings because it was, "as alleged[,] an oral agreement for the sale of real estate." Purchaser specifically denied "that the parties had any agreement as towards [sic] the purchase price being $32,000.00." Purchaser denied that Seller was without the assistance of counsel in the transaction; she notes that the deed was prepared by Attorney Lewis W. May, a reputable attorney in Mountain City, who is now deceased. Purchaser further denied the allegation that she made payments toward the alleged $32,000 balance on the sale. Purchaser admitted that Mr. South conveyed his undivided interest in the property to her in 2003. Purchaser further stated that she no longer owns the property at issue; in April 2008, she conveyed the property to a Mary Sue Hanson, as evidenced by a recorded deed. Purchaser admits that Seller has told her that she owes her more money, but Purchaser denies that she owes Seller "anything further" or that Seller is entitled to the relief sought. In her defense, Purchaser asserted that the action was barred by both the statute of frauds and the statute of limitations.

In the "Statement of the Case" contained in her brief filed in August 2009, Seller reiterated that the sale of the property to Purchaser and Mr. South was based on an oral agreement. However, she attached to her statement a copy of an unsigned promissory note dated May 1, 2001, reflecting the terms of the transaction as alleged in her complaint. For her part, Purchaser's "Statement of the Case," recites that "[t]here was no agreement regarding the purchase price, the payment of the purchase price, the deferment of the same, nor any interest rate therein." Purchaser further noted that although she and Mr. South

---

[1]In the complaint, Seller erroneously calculates the above-listed payments by Purchaser as totaling "$5,196.00." They actually total $7,193.83.

[2]When Purchaser's payments are properly credited, the remaining balance is $24,806.17 rather than the sued for amount of $26,804.

purchased the property together and thus would each be responsible for one-half of any purchase price, Mr. South was not a party to the suit and had conveyed his interest in the property to her. In support of the statute of frauds defense, Purchaser asserted that "[n]o such paper writing [evidencing the parties' agreement] exists, nor has any paper writing been prepared and signed by [Purchaser]. . . ." In response, Seller amended the complaint to include Mr. South as a co-defendant. Purchaser's exhibits included a 2002 tax appraisal reflecting that the property was appraised at a total value of $5,800 – $5,900 for the land, and $100 in improvements thereon.

In October 2013, Purchaser filed a motion for summary judgment based on her affirmative defenses under the statute of frauds and statute of limitations. Regarding the former, Purchaser asserted that the parties' oral agreement regarding the sale of the property is not evidenced by a signed writing. She acknowledges the deed but points out that, on its face, it evidences that the transaction was fully performed. In her supporting affidavit, Purchaser stated that in 2001, Seller "was anxious to get the property out of her name" because she was afraid that friends of her deceased husband might sue her for work they might have done on the property. Because her late husband was fond of Purchaser and Mr. South, Seller offered the property to them. Purchaser further stated, in relevant part:

> [A]t no point in time during this process was there ever a purchase price agreed upon or asked by [Seller]. I asked her on more than one occasion to have a Promissory Note and Deed of Trust draw up to set forth the terms and she indicated that she did not wish to have anything in her name which creditors of her deceased husband might attempt to levy upon. After recording the deed . . . , I . . . with some limited assistance from Walker Frank South made improvements to the property to the point where it became livable approximately a year later. I acknowledge from the date of the execution of the deed, I made sporadic payments at different times and in different amounts due to the circumstance that Walker Frank South would not contribute either any money towards this or any material improvements.

> \* \* \*

> I have paid [Seller] nothing since the year of 2005. I feel I have fully paid for this property and certainly have paid the appraised value as indicated by the Tax Assessor's appraisal of 2002. . . .

I again state that at no point in time was there ever any agreement to pay the sum of $32,000.00, for this property and certainly no agreement about deferred financing . . . .

The affidavit of Debra McElyea, an acquaintance of the parties, was consistent with Purchaser's statements. Ms. McElyea stated that she witnessed a meeting "a couple of days" before Seller conveyed the property. She stated that there was "basically no discussion" of the purchase price, no mention of any $32,000 price, and the parties contemplated that "whatever purchase price was agreed upon was to be paid later" after the purchasers made the property livable.

In her brief in opposition to summary judgment, Seller, for the first time, alleges that there was a promissory note reflecting the terms of their agreement – including a $32,000 purchase price – all as set forth in the earlier submitted, unsigned copy of a May 2001 promissory note. According to the affidavit of Mr. Walker Frank South, the parties agreed to the terms and the note was drawn up by a mutual acquaintance. Mr. South stated that "[o]n a date prior to April 21, 2001, I signed the Promissory Note agreeing to pay [Seller] for the real estate." Mr. South stated that, at the same time, Purchaser signed the note in his presence. According to Mr. South, Seller kept a copy of the note, and the parties agreed that the original note would be kept by Purchaser together with the property deed. Mr. South stated he did not know why Purchaser did not file the note with the deed and did not know what happened to the signed note. Mr. Carroll Gene South, brother of Walker Frank South, submitted an affidavit stating that he personally witnessed his brother and Purchaser signing a promissory note for the purchase of the property.

In summary, in the trial court, Purchaser asserted that the application of the statute of frauds as to the issue of consideration in this case is precisely the type of actual fraud that the statute was designed to prohibit. On hearing the motion, the trial court agreed. The court granted summary judgment to the Purchaser "pursuant to the statute of frauds, . . . based on the undisputed fact that there is no writing or other memorandum . . . which could be construed as containing the signature of Sandra Kim Hammons, the party to be charged herein."[3] The trial court dismissed the complaint and taxed costs to Seller. Seller filed a timely notice of appeal.

---

[3]The trial court rejected Purchaser's additional affirmative defense that the suit was barred by the six-year statute of limitations applicable to breach of contract actions pursuant to Tenn. Code Ann. § 28-3-109(a). Purchaser does not raise this holding by the trial court as an issue.

II.

Seller presents the issue, as slightly restated, of whether the Statute of Frauds renders an agreement unenforceable where a written, signed document containing the agreement has been lost or destroyed.

III.

We have stated the standard of review applicable to motions for summary judgment as follows:

> Summary judgments are proper in virtually any civil case that can be resolved on the basis of legal issues alone. They are not, however, appropriate when genuine disputes regarding material facts exist. Thus, a summary judgment should be granted when the undisputed facts, as well as the inferences reasonably drawn from the undisputed facts, support only one conclusion - that the party seeking the summary judgment is entitled to a judgment as a matter of law.
>
> The party seeking a summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists and that it is entitled to a judgment as a matter of law. When the moving party is the defendant, it is entitled to a judgment as a matter of law only when it affirmatively negates an essential element of the non-moving party's claim or establishes an affirmative defense that conclusively defeats the non-moving party's claim.

*Brigadoon Ptnrs, LLC v. Hughes*, No. E2007-00267-COA-R3-CV, 2008 WL 538990 at * 2 (Tenn. Ct. App. E.S., filed Feb. 27, 2008)(citations omitted).

IV.

Seller asserts that the trial court erred in granting summary judgment to Purchaser based on the application of the statute of frauds. Seller insists that, though now lost, a signed writing evidencing the parties' agreement – a promissory note – once existed that fully brought the transaction in compliance with the statute of frauds. Seller concludes that this is enough to defeat summary judgment. More specifically, Seller contends that she proffered evidence to show that a promissory note, executed by the parties, containing all of the key

terms of the transaction, was prepared on May 1, 2001, only a week after the deed was executed. Seller concludes that her complaint for payment should be permitted to proceed "since there [is] clearly a genuine issue of material fact as to whether a written Promissory Note had. . . been executed by the parties in 2001."

Generally stated, the Statute of Frauds, codified at Tenn. Code Ann. § 29-2-101, et seq., prohibits an action alleging an oral agreement to convey land where there is no writing or memorandum evidencing such a contract. The statute provides, in relevant part, as follows:

> (a) No action shall be brought:
>
>       *   *   *
>
> (4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year;
>
>       *   *   *
>
> unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party. In a contract for the sale of lands, tenements, or hereditaments, the party to be charged is the party against whom enforcement of the contract is sought.

Tenn. Code Ann. § 29-2-101(a)(4). "The purpose of the statute of frauds 'is to reduce contracts to a certainty, in order to avoid perjury on the one hand and fraud on the other.' " *Baliles v. Cities Service Co.*, 578 S.W.2d 621, 623 (Tenn. 1979)(quoting *Price v. Tennessee Products & Chemical Corporation*, 53 Tenn. App. 624, 385 S.W.2d 301 (1964)).

In granting summary judgment to Purchaser, the trial court found as follows:

> In reviewing the entire record, it is clear that there does not exist any writing signed by [Purchaser] who in this instance is the party to be charged. The Court is cognizant of the Affidavit of Walker Frank South to the effect that he and [Purchaser] signed a Promissory Note at the time of the transfer of the deed;

-6-

however, the same cannot be produced, and as [Purchaser's] counsel noted in argument and all of the pleadings clearly reflect that [Purchaser] is the only party to be charged in that she is the only party against whom enforcement of the contract is sought.

Accordingly, . . . [Purchaser] is entitled to Summary Judgment pursuant to the provisions of the statute of frauds, T.C.A. 29-2-101(a)(4) based upon the undisputed fact that there is no writing of other memorandum including emails or any electronic memoranda which could be construed as containing the signature of [Purchaser], the party to be charged herein.

The trial court found that the parties' "oral" agreement for the sale of the property was unenforceable based upon an application of the statute of frauds. More precisely, the court found that it was an "undisputed fact" that there is no writing, signed by Purchaser, evidencing the parties' agreement for the sale of the property. Seller insists that she presented sufficient evidence of a signed writing, since lost, to create a material, disputed issue for trial. In short, we agree.

As Purchaser concedes, it has long been held that the subsequent destruction of a contract originally made in writing does not render the contract unenforceable under the statute of frauds. To this end, this Court has held that "[e]nforcement of a contract is not prevented by the fact that the written document has been lost or destroyed; its contents may then be proved by oral testimony." *Petty v. Estate of Nichols*, 569 S.W.2d 840, 847 (Tenn. Ct. App. 1977). In the present case, Seller has submitted evidence in the form of the affidavits of two persons – Walker Frank South and Caroll Gene South – who stated they were present and personally witnessed Purchaser's signing of a promissory note that memorialized the parties' agreement. In this manner, Seller has established that a dispute exists as to a genuine issue of material fact – that is, whether there was ever a written promissory note setting forth the terms of the parties' alleged agreement. Since there is a genuine issue of material fact, summary judgment is not appropriate.

V.

The judgment of the trial court granting summary judgment in favor of Sandra Kim Hammons is hereby vacated. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed against the appellee, Sandra Kim Hammons.

_____

CHARLES D. SUSANO, JR., CHIEF JUDGE